# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **BILLY NELSON,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **PENN NATIONAL GAMING, INC.,** | § | **JURY TRIAL DEMANDED** |
| **L'AUBERGE DU LAC HOTEL &** | § | |
| **CASINO; PINNACLE** | § | |
| **ENTERTAINMENT, INC.; PNK LAKE** | § | |
| **CHARLES LLC D/B/A L'AUBERGE** | § | |
| **CASINO and JOHN DOE** | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

---

**DEFENDANT PNK (LAKE CHARLES) LLC'S**
**INDEX OF MATTERS BEING FILED**

---

Defendant, PNK (Lake Charles) LLC ("PNK") files this Index of Matters Being

Filed pursuant to Local Rule 81 of the Southern District of Texas as follows:

Exhibit 1:    All Executed Process:

- Return of Service as to Pinnacle Entertainment, Inc.

Exhibit 2:    All State Court Pleadings:

- Plaintiff's Original Petition filed March 23, 2020
- PNK's Special Appearance and Objection to Personal Jurisdiction filed April 20, 2020

Exhibit 3:    State Court Docket Sheet

Exhibit 4:    List of all counsel of record, including addresses, telephone numbers, and parties represented.

# EXHIBIT 1

*(Executed Process of Service)*

 **CT Corporation**

**Service of Process Transmittal**
03/30/2020
CT Log Number 537470666

TO:     Karin K Ashford
        Penn National Gaming, Inc.
        825 Berkshire Blvd Ste 200
        Wyomissing, PA 19610-1247

RE:     **Process Served in Texas**

FOR:    PINNACLE ENTERTAINMENT, INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Billy Nelson, Pltf. vs. Penn National Gaming, Inc., et al., Dfts. // To: Pinnacle Entertainment, Inc. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 20CV0452 |
| **NATURE OF ACTION:** | Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 03/30/2020 postmarked on 03/25/2020 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/31/2020, Expected Purge Date: 04/05/2020 |
| | Image SOP |
| | Email Notification,  JIM CUNNINGHAM  jim.cunningham@pnkmail.com |
| | Email Notification,  Amanda Garber  Amanda.Garber@pngaming.com |
| | Email Notification,  Karin K Ashford  karin.ashford@pngaming.com |
| | Email Notification,  REBECCA FINK  rebecca.fink@pngaming.com |
| | Email Notification,  CAITLIN SCARGLE  caitlin.scargle@pngaming.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1209 N Orange St<br>Wilmington, DE 19801-1120 |
| **For Questions:** | 866-401-8252<br>EastTeam2@wolterskluwer.com |

Page 1 of  1 / HS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**SERVICE PROVIDERS**
**2021 SPENWICK, #518**
**HOUSTON, TEXAS 77055**



7017 3040 0000 0379 9237



U.S. POSTAGE PAID
FCM LETTER
HOUSTON, TX
77098
MAR 25, 20
AMOUNT
**$7.10**
R2304M114107-22

1000          75201

## RETURN RECEIPT
## REQUESTED

Pinnacle Entertainment, Inc. through
agent CT Corporation System
1999 Bryan Street, Suite 900
Dallas, Texas 75201



## CITATION

THE STATE OF TEXAS

BILLY NELSON VS. PENN NATIONAL GAMING, INC., ET AL.

Cause No.: 20-CV-0452
405th District Court of Galveston County

TO:   Pinnacle Entertainment, Inc.
      Registered Agent CT Corporation System
      1999 Bryan St Suite 900
      Dallas TX 75201

---

**GREETINGS: YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days from the date you were served this citation and petition/motion, a default judgment may be taken against you.**

---

Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. The case is presently pending before the **405th District Court** of Galveston County sitting in Galveston, Texas, and the **Original Petition - OCA** was filed **March 23, 2020**. It bears cause number **20-CV-0452** and see the attached petition/motion for named parties to the suit.

Issued and given under my hand and the seal of said court at Galveston, Texas, **on this the 23rd day of March, 2020.**

Issued at the request of:
Dennis L Brown
Dennis L Brown PC
6750 West Loop South Suite 900
Bellaire TX 77401



**John D. Kinard**, District Clerk
Galveston County, Texas

*Valerie Millican*

By      Valerie Millican, Deputy

---

## The District Courts of Galveston County, Texas Status Conference Notice
## Please calendar this event

| All Status Conferences will be set for Thursdays (subject to exceptions for county holidays) | | | | |
|---|---|---|---|---|
| Court Name | Status Conference Time | Court Phone Number | | |
| 10th District Court | @ 9:00 A.M. | 409-766-2230 | Fax | 409-770-5266 |
| 56th District Court | @ 9:30 A.M. | 409-766-2226 | Fax | 409-770-5264 |
| 122nd District Court | @ 9:30 A.M. | 409-766-2275 | Fax | 409-770-6265 |
| 212th District Court | @ 9:00 A.M. | 409- 766-2266 | Fax | 409-765-2610 |
| 405th District Court | @ 10:00 A.M. | 409-765-2688 | Fax | 409-765-2689 |

## <u>Date :06/25/2020 set in the 405th District Court - Judge Jared Robinson</u>

# RETURN OF SERVICE

| Case no. 20-CV-0452 | In the 405th District Court |
|---|---|

Billy Nelson vs. Penn National Gaming, Inc., Et Al

Come to hand on _____ at _____ o'clock _____.m., and executed in _____County, Texas by delivering to each of the within named party in person, a true copy of the CITATION with the delivery endorsed thereon, together with the accompanying copy of the **Original Petition - OCA** at the following times and places, to wit:

**To:** Pinnacle Entertainment, Inc.
     Registered Agent CT Corporation System
     1999 Bryan St Suite 900
     Dallas TX 75201

| SERVED: | | ADDRESS/LOCATION | |
|---|---|---|---|
| **DATE** | **TIME** | **PLACE, COURSE, AND DISTANCE FROM COURT HOUSE** | **MILEAGE** |
| | | | |
| | | | |
| | | | |

and **NOT** executed as to said above named defendant for the reasons shown below:

The diligence used in finding said within named defendant and the **cause or failure to execute** this process is for the following

reason:_____

FEES: Serving CITATION and copy $_____

Mileage _____ miles @ $_____ per mile Total $_____

TOTAL FEES AND MILEAGE $_____

Signed on _____day of _____, 20_____ **Officer**

**County, TX**

_____ **Deputy /Officer Signature**

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF COURT

In accordance with **rule 107 (c)**.The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. **If the return is signed by a person other than a sheriff, constable, or clerk of the court** the return shall be signed under penalty of perjury and contain the following statement.

"My name is _____, my date of birth is_____
      **(First)**        **(Middle)**        **(Last)**

And my address is _____
           **Street, City, State, Zip, County**

**"I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT."**

**Executed in** _____, **County, State of** _____, **on** _____.

| | |
|---|---|
| **Declarant/Authorized Process Server Signature** | **ID# and expiration of certification** |

**The District Courts of Galveston County, Texas Status Conference Notice**

**Please calendar this event**

**All Status Conferences will be set for Thursdays (subject to exceptions for county holidays)**

| Court Name | Status Conference Time | Court Phone Number | | |
|---|---|---|---|---|
| 10th District Court | @ 9:00 A.M. | 409-766-2230 | Fax | 409-770-5266 |
| 56th District Court | @ 9:30 A.M. | 409-766-2226 | Fax | 409-770-5264 |
| 122nd District Court | @ 9:30 A.M. | 409-766-2275 | Fax | 409-770-6265 |
| 212th District Court | @ 9:00 A.M. | 409- 766-2266 | Fax | 409-765-2610 |
| 405th District Court | @ 10:00 A.M. | 409-765-2688 | Fax | 409-765-2689 |

## Date: 06/25/2020  set in the 405th District Court

| Case Number: | 20-CV-0452 |
|---|---|
| Case Style:  Billy Nelson vs. Penn National Gaming, Inc., Et Al | |

*Helpful Information: Please visit our website at
http://www.galvestoncountytx.gov/dc/Pages/default.aspx*

*FAQ*

*Forms*

*Fee Schedules*

*Remote Access to on-line case record searches*

*Contact and Mailing information*

*Passport Services*

*E Filing Information*

*Helpful Links to Legal Resources and sites*

**Notice: If this case is filed as an expedited action pursuant to Rule 169 of the Texas Rules of Civil Procedure, please contact the Court to inform them of the same as soon as possible.**

*JOHN D. KINARD, District Clerk, Galveston County, Texas
District Clerk Personnel proudly serving our customers, community, and supporting the Judiciary*

Filed: 3/23/2020 9:27 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 41844442
By: Shailja Dixit
3/23/2020 9:49 AM

**20-CV-0452**

CAUSE NO._____

| | | |
|---|---|---|
| **BILLY NELSON** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **PENN NATIONAL GAMING, INC.;** | § | |
| **L'AUBERGE DU LAC HOTEL &** | § | **GALVESTON COUNTY, TEXAS** |
| **CASINO; PINNACLE** | § | |
| **ENTERTAINMENT, INC.; PNK LAKE** | § | |
| **CHARLES, LLC D/B/A L'AUBERGE** | § | **Galveston County - 405th District Court** |
| **CASINO; and JOHN DOE** | § | |
| **Defendants** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **BILLY NELSON**, ("Plaintiff") complaining against Defendants **PENN NATIONAL GAMING, INC.** ("Penn National"), **L'AUBERGE DU LAC HOTEL & CASINO** ("L'Auberge"), **PINNACLE ENTERTAINMENT, INC.** ("Pinnacle"), **PNK LAKE CHARLES, LLC D/B/A L'AUBERGE DU LAC HOTEL & CASINO** ("PNK"), and **JOHN DOE** for cause of action and would respectfully show to this Honorable Court and Jury the following:

## I. DISCOVERY CONTROL PLAN

1.     Plaintiffs intend to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively plead that they seek monetary relief of more than $200,000.00 but not more than $1,000,000.00, including damages, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

## II. JURISDICTION

2.     This court has jurisdiction over the present suit because the amount in controversy exceeds this court's minimum jurisdictional requirements. Furthermore, although Defendants are

1

**Status Conference - 06/25/2020**

physically located in Louisiana, they have a regular and continuous presence in the State of Texas, engaging in steady and purposeful business in this state and at times relevant hereto by soliciting regular Texas customers to attend events at their casino. The Plaintiff is a resident of Galveston, Galveston County, Texas, and received invitations at his place of residence from Defendants to attend events and to stay at the L'Auberge Casino in Lake Charles, Louisiana.

3.     Venue is proper under Texas Civil Practice and Remedies Code § 15.002 in that all or a substantial part of the events or omissions giving rise to Plaintiffs' causes of action occurred in Galveston County, Texas.

### III. DEMAND FOR JURY TRIAL

4.     The Plaintiff makes a written request for a jury pursuant to Texas Rule of Civil Procedure 216.

### IV. PARTIES

5.     Plaintiff Billy Nelson is an individual residing at 4202 Avenue T, Galveston, Galveston County, Texas, and was a resident of Galveston County, Texas at the time this cause of action accrued.

6.     Defendant Penn National Gaming, Inc. is a company with offices in various states, including Texas. According to public information, its corporate headquarters are located at 825 Berkshire Blvd., Suite 200, Wyomissing, Pennsylvania 19610. Penn National engages in business and commerce in the state of Texas but it has not designated an agent for service of process. Accordingly, among the various modes of service of process include service on the Texas Secretary of State, which in turn is requested to forward service to CT Corporation, 600 North 2nd Street, Suite 401, Harrisburg, Pennsylvania 17101.

2

7.      L'Auberge Du Lac Hotel & Casino is a party which may be sued in its tradename as held out to the public and, although physically located in Louisiana, has a regular and continuous presence in the State of Texas, engaging in purposeful business in this state and at times relevant hereto, upon information and belief 1900 West Loop South, Suite 150, Houston, Harris County, Texas.

8.      Defendant Pinnacle Entertainment, Inc. is a Delaware Corporation authorized to and doing business in the State of Texas. Pinnacle may be served through its registered agent CT Corporation System at its registered address of 1999 Bryan St, Suite 900, Dallas, Collin County, Texas 75201.

9.      Defendant PNK Lake Charles, LLC D/B/A L'Auberge du Lac Hotel & Casino is a foreign corporation doing business in the State of Texas. PNK may be served through its registered agent, CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, Louisana 70816.

10.     Defendant John Doe is an unknown individual employed by named Defendants as a valet driver at the L'Auberge Casino in Lake Charles, Louisiana on July 26, 2018.

## V. FACTUAL BACKGROUND

11.     On or about July 26, 2018, at the L'Auberge Casino Resort in Lake Charles, Calcasieu Parish, Louisiana, Plaintiff Billy Nelson was standing outside of his parked black 2017 Toyota Tundra, which was located in the valet lane as directed by the head valet for the casino.

12.     As Plaintiff was leaning into the passenger side of his truck to unload luggage from the vehicle, Defendant John Doe, a valet driver employed by the casino, negligently, carelessly, and unexpectedly drove through the drop-off lane and struck the passenger door of the Plaintiff's vehicle, which then struck the Plaintiff causing injury to his back, both shoulders, and the left side of his body.

3

13.   As a direct result of Defendants' negligence, the Plaintiff has been caused to suffer bodily injuries, physical impairment, pain and suffering, mental anguish, medical expenses, lost wages, and damage to his vehicle.

## VI. NEGLIGENCE AND GROSS NEGLIGENCE OF DEFENDANTS PENN NATIONAL, L'AUBERGE, PINNACLE, AND PNK

14.   At all times relevant to the occurrence in question, Defendants Penn National, L'Auberge, Pinnacle, and PNK had a duty to exercise reasonable care in the supervision, hiring, training and employment of valet driver Defendant John Doe at the L'Auberge Casino. Defendants recklessly failed to exercise reasonable care in hiring, training, supervising and retaining valet driver Defendant John Doe by failing to ensure he had the necessary training, understanding, and skill one would expect from someone hired as a valet driver. Defendants' reckless conduct was a breach of duty and a proximate cause of the injuries sustained by Plaintiff.

15.   Plaintiff would not have been injured had Defendants' adequately trained and supervised valet driver Defendant John Doe. Defendants' had notice that valet driver Defendant John Doe who struck the Plaintiff's truck lacked knowledge of the standards and requirements for his work and that he posed a risk or danger to others, yet failed to limit these risks. Liability is imputed to Defendants under the doctrine of *res ipsa loquitor* because the incident could not have happened in the absence of Defendants' negligence and gross negligence.

16.   Defendants' acted with reckless disregard for the safety of the public, most notably the Plaintiff, by not properly hiring, training, and supervising valet driver Defendant John Doe.

4

## VII. NEGLIGENCE OF DEFENDANT JOHN DOE

17.     On the occasion in question, Defendant John Doe operated a vehicle on behalf of co-defendants in a negligent manner and violated the duty he owed to Plaintiff to exercise ordinary reasonable and prudent care in the operation of a motor vehicle. Such acts include, but are not limited to, the following:

          i.     Operating the vehicle in a careless and reckless manner, so as to endanger the health and property of Plaintiff;

          ii.    Failing to keep such a lookout as a person of ordinary, reasonable prudence would have kept under the same or similar circumstances;

          iii.   Failing to make a timely use of the steering wheel of the vehicle in order to avoid the collision;

          iv.   Failing to control the speed of the vehicle he was driving;

          v.    Failing to take reasonable action to avoid the collision;

          vi.   Driving more closely to Plaintiffs than an ordinary and prudent person would have done under the same or similar circumstances; and

          viii.  Colliding with the Plaintiffs' vehicle.

18.     Each one of these acts and omissions occurring separately or in combination constituted negligence and proximately caused Plaintiff's bodily injuries, physical impairment, pain and suffering, mental anguish, lost wages, and vehicle damage.

## VIII. NEGLIGENCE PER SE OF DEFENDANT JOHN DOE

19.     Plaintiff will further show that Defendant was negligent *per se* in violating the laws of the State of Louisiana, in particular, LA Rev Stat § 32:58 and § 14:99, by driving recklessly and failing to control his vehicle.

5

20.    Defendant John Doe's unexcused breach of duty imposed by the above-referenced statutes proximately caused Plaintiff's bodily injuries, physical impairment, pain and suffering, mental anguish, lost wages, and vehicular damage.

## IX. RESPONDEAT SUPERIOR

21.    Defendants are responsible for the actions of Defendant John Doe under the doctrine of respondeat superior. Plaintiff Billy Nelson was directly injured after his truck was slammed into by an employee for Defendants who was acting in the scope of his employment when he committed the acts described above.

## X. COMPENSATORY DAMAGES

22.    Due to his injuries, the Plaintiffs has required medical care, including physical therapy, multiple imaging studies, and injections. Plaintiff has been required to pay for and incur liability for such care.  He will require medical treatment in the future, for which he will be required to pay and/or incur liability.

23.    Due to his injuries incurred as a result of the collision, the Plaintiff now has certain physical impairments, disabilities and restrictions that prevent him from engaging in activities that he was able to enjoy prior to the accident. Plaintiff hereby sues for the loss of such pleasures and the permanent physical impairment caused by the negligence of the Defendants.

24.    Plaintiff has incurred damages for physical pain, suffering, and resulting mental anguish and will suffer such ongoing pain, discomfort and mental anguish in the future.

25.    Plaintiffs also suffered lost wages in the past while undergoing medical treatment and rehabilitation, and will, in all probability, continue to suffer a loss of wages and/or loss of wage earning capacity in the future.

6

## XI. RECOVERY OF INTEREST

27.     Plaintiffs seek and requests recovery of pre and post-judgment interest to the extent applicable as provided by law.

## XII. RULE 193.7 NOTICE

28.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff gives actual notice to Defendants that any and all documents produced by Defendants in response to written discovery may be used against Defendants at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the documents.

## XIII. PRAYER

29.     **WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendants be cited to appear and answer this lawsuit, and that he has judgment against the Defendants for actual damages shown and proven at a trial, exemplary damages, interest to which he is entitled under the law, court costs and for all other relief, legal and equitable, to which he is entitled.

Respectfully submitted,

**DENNIS L. BROWN, P.C.**

*/s/ Dennis L. Brown*
**DENNIS L. BROWN**
State Bar No. 03112650
**JUSTIN C. ADKINS**
State Bar No. 24101070
6750 West Loop South, Suite 900
Bellaire, Texas 77401
(713) 623-8999 Telephone
(713) 623-0756 Facsimile
Lawoffice@dennislbrown.com

**ATTORNEYS FOR PLAINTIFF**

7

# EXHIBIT 2

*(All State Court Pleadings)*

Filed 3/23/2020 9:27 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 41844442
By: Shailja Dixit
3/23/2020 9:49 AM

**20-CV-0452**

CAUSE NO._____

| | | |
|---|---|---|
| **BILLY NELSON** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **PENN NATIONAL GAMING, INC.;** | § | |
| **L'AUBERGE DU LAC HOTEL &** | § | **GALVESTON COUNTY, TEXAS** |
| **CASINO; PINNACLE** | § | |
| **ENTERTAINMENT, INC.; PNK LAKE** | § | |
| **CHARLES, LLC D/B/A L'AUBERGE** | § | **Galveston County - 405th District Court** |
| **CASINO; and JOHN DOE** | § | |
| **Defendants** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **BILLY NELSON**, ("Plaintiff") complaining against Defendants **PENN NATIONAL GAMING, INC.** ("Penn National"), **L'AUBERGE DU LAC HOTEL & CASINO** ("L'Auberge"), **PINNACLE ENTERTAINMENT, INC.** ("Pinnacle"), **PNK LAKE CHARLES, LLC D/B/A L'AUBERGE DU LAC HOTEL & CASINO** ("PNK"), and **JOHN DOE** for cause of action and would respectfully show to this Honorable Court and Jury the following:

### I. DISCOVERY CONTROL PLAN

1.      Plaintiffs intend to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively plead that they seek monetary relief of more than $200,000.00 but not more than $1,000,000.00, including damages, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

### II. JURISDICTION

2.      This court has jurisdiction over the present suit because the amount in controversy exceeds this court's minimum jurisdictional requirements. Furthermore, although Defendants are

**Status Conference - 06/25/2020**

physically located in Louisiana, they have a regular and continuous presence in the State of Texas, engaging in steady and purposeful business in this state and at times relevant hereto by soliciting regular Texas customers to attend events at their casino. The Plaintiff is a resident of Galveston, Galveston County, Texas, and received invitations at his place of residence from Defendants to attend events and to stay at the L'Auberge Casino in Lake Charles, Louisiana.

3.     Venue is proper under Texas Civil Practice and Remedies Code § 15.002 in that all or a substantial part of the events or omissions giving rise to Plaintiffs' causes of action occurred in Galveston County, Texas.

### III. DEMAND FOR JURY TRIAL

4.     The Plaintiff makes a written request for a jury pursuant to Texas Rule of Civil Procedure 216.

### IV. PARTIES

5.     Plaintiff Billy Nelson is an individual residing at 4202 Avenue T, Galveston, Galveston County, Texas, and was a resident of Galveston County, Texas at the time this cause of action accrued.

6.     Defendant Penn National Gaming, Inc. is a company with offices in various states, including Texas. According to public information, its corporate headquarters are located at 825 Berkshire Blvd., Suite 200, Wyomissing, Pennsylvania 19610. Penn National engages in business and commerce in the state of Texas but it has not designated an agent for service of process. Accordingly, among the various modes of service of process include service on the Texas Secretary of State, which in turn is requested to forward service to CT Corporation, 600 North 2nd Street, Suite 401, Harrisburg, Pennsylvania 17101.

2

7.     L'Auberge Du Lac Hotel & Casino is a party which may be sued in its tradename as held out to the public and, although physically located in Louisiana, has a regular and continuous presence in the State of Texas, engaging in purposeful business in this state and at times relevant hereto, upon information and belief 1900 West Loop South, Suite 150, Houston, Harris County, Texas.

8.     Defendant Pinnacle Entertainment, Inc. is a Delaware Corporation authorized to and doing business in the State of Texas. Pinnacle may be served through its registered agent CT Corporation System at its registered address of 1999 Bryan St, Suite 900, Dallas, Collin County, Texas 75201.

9.     Defendant PNK Lake Charles, LLC D/B/A L'Auberge du Lac Hotel & Casino is a foreign corporation doing business in the State of Texas. PNK may be served through its registered agent, CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, Louisana 70816.

10.    Defendant John Doe is an unknown individual employed by named Defendants as a valet driver at the L'Auberge Casino in Lake Charles, Louisiana on July 26, 2018.

## V. FACTUAL BACKGROUND

11.    On or about July 26, 2018, at the L'Auberge Casino Resort in Lake Charles, Calcasieu Parish, Louisiana, Plaintiff Billy Nelson was standing outside of his parked black 2017 Toyota Tundra, which was located in the valet lane as directed by the head valet for the casino.

12.    As Plaintiff was leaning into the passenger side of his truck to unload luggage from the vehicle, Defendant John Doe, a valet driver employed by the casino, negligently, carelessly, and unexpectedly drove through the drop-off lane and struck the passenger door of the Plaintiff's vehicle, which then struck the Plaintiff causing injury to his back, both shoulders, and the left side of his body.

13.     As a direct result of Defendants' negligence, the Plaintiff has been caused to suffer bodily injuries, physical impairment, pain and suffering, mental anguish, medical expenses, lost wages, and damage to his vehicle.

## VI.  NEGLIGENCE AND GROSS NEGLIGENCE OF DEFENDANTS PENN NATIONAL, L'AUBERGE, PINNACLE, AND PNK

14.     At all times relevant to the occurrence in question, Defendants Penn National, L'Auberge, Pinnacle, and PNK had a duty to exercise reasonable care in the supervision, hiring, training and employment of valet driver Defendant John Doe at the L'Auberge Casino. Defendants recklessly failed to exercise reasonable care in hiring, training, supervising and retaining valet driver Defendant John Doe by failing to ensure he had the necessary training, understanding, and skill one would expect from someone hired as a valet driver. Defendants' reckless conduct was a breach of duty and a proximate cause of the injuries sustained by Plaintiff.

15.     Plaintiff would not have been injured had Defendants' adequately trained and supervised valet driver Defendant John Doe. Defendants' had notice that valet driver Defendant John Doe who struck the Plaintiff's truck lacked knowledge of the standards and requirements for his work and that he posed a risk or danger to others, yet failed to limit these risks. Liability is imputed to Defendants under the doctrine of *res ipsa loquitor* because the incident could not have happened in the absence of Defendants' negligence and gross negligence.

16.     Defendants' acted with reckless disregard for the safety of the public, most notably the Plaintiff, by not properly hiring, training, and supervising valet driver Defendant John Doe.

## VII.  NEGLIGENCE OF DEFENDANT JOHN DOE

17.    On the occasion in question, Defendant John Doe operated a vehicle on behalf of co-defendants in a negligent manner and violated the duty he owed to Plaintiff to exercise ordinary reasonable and prudent care in the operation of a motor vehicle. Such acts include, but are not limited to, the following:

i.     Operating the vehicle in a careless and reckless manner, so as to endanger the health and property of Plaintiff;

ii.    Failing to keep such a lookout as a person of ordinary, reasonable prudence would have kept under the same or similar circumstances;

iii.   Failing to make a timely use of the steering wheel of the vehicle in order to avoid the collision;

iv.    Failing to control the speed of the vehicle he was driving;

v.     Failing to take reasonable action to avoid the collision;

vi.    Driving more closely to Plaintiffs than an ordinary and prudent person would have done under the same or similar circumstances; and

viii.  Colliding with the Plaintiffs' vehicle.

18.    Each one of these acts and omissions occurring separately or in combination constituted negligence and proximately caused Plaintiff's bodily injuries, physical impairment, pain and suffering, mental anguish, lost wages, and vehicle damage.

## VIII.  NEGLIGENCE PER SE OF DEFENDANT JOHN DOE

19.    Plaintiff will further show that Defendant was negligent *per se* in violating the laws of the State of Louisiana, in particular, LA Rev Stat § 32:58 and § 14:99, by driving recklessly and failing to control his vehicle.

20.     Defendant John Doe's unexcused breach of duty imposed by the above-referenced statutes proximately caused Plaintiff's bodily injuries, physical impairment, pain and suffering, mental anguish, lost wages, and vehicular damage.

## IX. RESPONDEAT SUPERIOR

21.     Defendants are responsible for the actions of Defendant John Doe under the doctrine of respondeat superior. Plaintiff Billy Nelson was directly injured after his truck was slammed into by an employee for Defendants who was acting in the scope of his employment when he committed the acts described above.

## X. COMPENSATORY DAMAGES

22.     Due to his injuries, the Plaintiffs has required medical care, including physical therapy, multiple imaging studies, and injections. Plaintiff has been required to pay for and incur liability for such care.  He will require medical treatment in the future, for which he will be required to pay and/or incur liability.

23.     Due to his injuries incurred as a result of the collision, the Plaintiff now has certain physical impairments, disabilities and restrictions that prevent him from engaging in activities that he was able to enjoy prior to the accident. Plaintiff hereby sues for the loss of such pleasures and the permanent physical impairment caused by the negligence of the Defendants.

24.     Plaintiff has incurred damages for physical pain, suffering, and resulting mental anguish and will suffer such ongoing pain, discomfort and mental anguish in the future.

25.     Plaintiffs also suffered lost wages in the past while undergoing medical treatment and rehabilitation, and will, in all probability, continue to suffer a loss of wages and/or loss of wage earning capacity in the future.

## XI.  RECOVERY OF INTEREST

27.    Plaintiffs seek and requests recovery of pre and post-judgment interest to the extent applicable as provided by law.

## XII. RULE 193.7 NOTICE

28.    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff gives actual notice to Defendants that any and all documents produced by Defendants in response to written discovery may be used against Defendants at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the documents.

## XIII.  PRAYER

29.    **WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendants be cited to appear and answer this lawsuit, and that he has judgment against the Defendants for actual damages shown and proven at a trial, exemplary damages, interest to which he is entitled under the law, court costs and for all other relief, legal and equitable, to which he is entitled.

Respectfully submitted,

**DENNIS L. BROWN, P.C.**

*/s/ Dennis L. Brown*
**DENNIS L. BROWN**
State Bar No. 03112650
**JUSTIN C. ADKINS**
State Bar No. 24101070
6750 West Loop South, Suite 900
Bellaire, Texas 77401
(713) 623-8999 Telephone
(713) 623-0756 Facsimile
Lawoffice@dennislbrown.com

**ATTORNEYS FOR PLAINTIFF**

Filed 4/20/2020 2:52 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 42419364
By: Shailja Dixit
4/20/2020 2:56 PM

## CAUSE NO. 20-CV-0452

| | | |
|---|---|---|
| **BILLY NELSON** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **PENN NATIONAL GAMING, INC.,** | § | **GALVESTON COUNTY, TEXAS** |
| **L'AUBERGE DU LAC HOTEL &** | § | |
| **CASINO, PINNACLE** | § | |
| **ENTERTAINMENT, INC., PNK LAKE** | § | |
| **CHARLES LLC D/B/A L'AUBERGE** | § | |
| **CASINO and JOHN DOE** | § | |
| | § | **405th JUDICIAL DISTRICT** |
| *Defendants.* | § | |

---

## DEFENDANT PNK (LAKE CHARLES), L.L.C.'S
## (INCORRECTLY NAMED AS PINNACLE ENTERTAINMENT, INC.  AND
## L'AUBERGE DU LAC HOTEL & CASINO)
## SPECIAL APPEARANCE AND OBJECTION TO PERSONAL JURISDICTION

---

PNK (LAKE CHARLES), L.L.C. ("PNK") incorrectly named herein as PINNACLE ENTERTAINMENT, INC. ("PINNACLE") and alternatively, L'AUBERGE DU LAC HOTEL & CASINO ("CASINO" — not a legal entity), (both being improper parties to this lawsuit) and one of the Defendants herein hereby files this Special Appearance and Objection to Personal Jurisdiction, pursuant to Rule 120a of the TEXAS RULES OF CIVIL PROCEDURE in response to the Original Petition filed by Plaintiff BILLY NELSON. Further, PNK incorrectly named herein as PINNACLE and CASINO states that each and every statement, request, plea, application, or motion by PNK, incorrectly named herein as PINNACLE and CASINO or its attorneys of record in this action is hereby made expressly subject to this

---

Nelson Defendant PNK (Lake Charles), L.L.C. ("PNK") (incorrectly named herein as Pinnacle Entertainment, Inc., and L'Auberge Du Lac Hotel & Casino)'s
Special Appearance and Objection to Personal Jurisdiction

1 | P A G E

Special Appearance and is to be interpreted in a manner wholly consistent with this written objection to the court's jurisdiction over the person of PNK incorrectly named herein as PINNACLE and/or CASINO.

PNK hereby requests an oral hearing be set to determine this Special Appearance.

# I.
## SUMMARY OF ARGUMENT

1.      This special appearance is made to the portion of the proceeding asserted by Plaintiff wherein Plaintiff seeks a money judgment for personal injuries he purportedly suffered while at the L'Auberge Du Lac Casino in Lake Charles (Calcasieu Parish), on or about July 26, 2018—vis-à-vis *Respondeat superior. See Plaintiff's Petition* at 3.

2.      This Special Appearance is filed prior to a motion to transfer venue or any other plea, pleading or motion and is verified by an authorized representative of PNK.

3.      PNK objects to the jurisdiction of the court over the person or property of PNK, itself, and as incorrectly named herein as PINNACLE and CASINO (both improper parties to this lawsuit), on the ground that "such party or property is not amenable to process issued by the courts of this state."[1] PNK is a foreign Limited Liability Company organized and existing under the laws of the State of Louisiana. At the time of the Incident, PNK did not conduct business in Texas within the meaning of the Texas long-

---

[1] TEX. R. CIV. P. 120a(1).

arm statute and lacks minimum contacts that would support exercise of this court's jurisdiction over it in any relevant time period.

4.      Considering the foregoing, personal jurisdiction over PNK (improperly named as PINNACLE and CASINO) is lacking, PNK's Special Appearance should be granted, and Plaintiff's claims and causes of action against it should be dismissed.

## II.
### RELEVANT FACTUAL BACKGROUND

5.      On or about February 10, 2020, Plaintiff filed an Original Petition ("Petition") with this Court naming PINNACLE, CASINO, PNK and others as Defendants. (*See* Petition at ¶¶ 13-20).  As a preliminary matter, Plaintiff sued the wrong entities as neither PINNACLE nor CASINO exists in the capacity in which they have been sued.  Ex. A.

6.      On or about March 23, 2020, Plaintiff filed an Original Petition ("Petition") with this Court naming PENN NATIONAL and others as Defendants. (*See* Petition at ¶¶ 6-10).

7.      Plaintiff alleges that he was injured in the valet lane of the L'Auberge Du Lac Casino when a valet driver struck the passenger door of his vehicle as he was leaning into the vehicle.  *See* Petition at ¶¶ 11-13.

8.      In the "Parties" section of the Petition, Plaintiff concedes that (1) PINNACLE is a Delaware Corporation (*See* Ex. A at ¶ 8); (2) L'Auberge Du Lac Casino is merely a tradename for a casino physically located in Louisiana (*See* Ex. A at ¶7); and PNK is a

"foreign corporation" who "…may be served through its registered agent [located in] Baton Rouge, Louisiana…."  (*See* Ex. A at ¶9).

9.     Plaintiffs vague references alleging this Court has specific and general jurisdiction over PNK ignores the fact that the correct legal entity, PNK, does ***not*** conduct any business in Texas or solicit business in Texas—nor does PINNACLE.  CASINO is not a legal entity. (Ex. B). Additionally, even if PINNACLE/CASINO were proper parties, and they and/or PNK did any of those things, which is expressly denied, such contacts are insufficient support specific or general jurisdiction over PNK in this Court. These allegations alone do not confer personal jurisdiction over PNK (or PINNACLE and CASINO for that matter) in this lawsuit—an issue that was clearly resolved earlier this year by the Fifth Circuit in *Frank v. PNK (Lake Charles) LLC,* 947 F.3d 331, 339 (5th Cir. 2020)(holding that Texas lacked personal jurisdiction over PNK because "PNK's Texas contacts begin and end with its marketing activities" and that PNK is not carrying on any 'part of its general business' in Texas).

## III.
### SPECIAL APPEARANCE EVIDENCE

11.     PINNACLE hereby relies on the following evidence, which is incorporated herein by reference for all purposes, in support of this special appearance:

| | |
|---|---|
| **Exhibit A** | Plaintiff's Original Petition |
| **Exhibit B** | Affidavit of Jerry Forester, Authorized Representative for PNK; |
| **Exhibit C** | Certificate of Withdrawal of Registration of PNK from the Texas Secretary of State; and |

**Exhibit D**    Texas Secretary of State Registered Agent Page for PNK.

**Exhibit E**    Texas Comptroller's Franchise Tax Account Status for Pinnacle Entertainment, Inc.

# IV.
## <u>ARGUMENT AND AUTHORITIES</u>

### *The Texas Long Arm Statute*

12.     The Texas long-arm statute authorizes a Texas court to exercise personal jurisdiction over a non-resident defendant "doing business" in Texas.[2] Section 17.042 of the statute provides some guidance concerning "doing business" and states that it may reach as far as federal constitutional requirements will allow.[3] However, federal constitutional requirements pertaining to due process limit the power of a Texas court to assert personal jurisdiction over a non-resident defendant.[4]

13.     Based on long standing United States Supreme Court precedent, the due process is divided into two parts: (1) whether the non-resident defendant has purposely established "minimum contacts" with the forum state, and (2) if so, whether the exercise of jurisdiction comports with "fair play and substantial justice."[5]

---

[2] TEX. CIV. PRAC. & REM. CODE ANN. §17.042.
[3] *Id.*; *Guardian Royal Exch. Assurance v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991).
[4] *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413 (1984).
[5] *Burger King Corp. v. Rudzeqicz*, 471 U.S. 462, 475-76 (1985).

*The Federal Due Process Standard*

14.     *In re S.A.V.,*[6] the Texas Supreme Court articulated a three-pronged formula to ensure compliance with the federal due process standard.[7] Specifically, the Court provided that

> (1) there must be a substantial connection between the non-resident defendant and Texas arising from some action or conduct of the non-resident defendant purposefully directed toward Texas;
>
> (2) the cause of action must arise out of or relate to the non-resident defendant's contacts with Texas, or if not, the non-resident defendant's contacts with Texas must be continuing and systematic; and
>
> (3) the assumption of jurisdiction must not offend traditional notions of fair play and substantial justice.[8]

15.     Under a minimum contacts analysis, the main query is whether the non-resident defendant has purposely availed itself of the privilege of conducting activities in the forum state, thus invoking the benefits and protections of the laws of the forum state.[9]  This ensures that a non-resident defendant will not be hailed into a jurisdiction based solely upon "random," "fortuitous," or "attenuated" contacts or the "unilateral activity of another party or third person."[10]   Minimum contacts analysis is further broken down into two categories: (1) general jurisdiction and (2) specific jurisdiction. General jurisdiction focuses on the quality of the non-resident defendant's contacts with

---

[6] 837 S.W.2d 80 (Tex. 1992).
[7] *Id.* at 85.
[8] *Id.*
[9] *Guardian Royal*, 815 S.W.2d at 226.
[10] *Id.,* (citing, *Burger King*, 471 U.S. at 472,).

the forum state to determine whether such contacts are continuous and systematic, while specific jurisdiction focuses on whether the non-resident defendant committed some act in the forum state to bring about the cause of action against the non-resident defendant.[11]

### a) Defendant Does Not Have Sufficient "Minimum Contacts" with Texas to Support the Exercise of General Jurisdiction.

16.     If the cause of action is not based on the defendant's *specific* activities in the forum state, as is the case here, the court must possess general jurisdiction over the defendant. The minimum contacts inquiry is broader and more demanding when general jurisdiction is alleged, requiring a showing of "*substantial activities*" in the forum state.[12] In order to exercise general personal jurisdiction over a non-resident defendant, the defendant's contacts with the forum state must be "continuous, systematic," and "substantial."[13] General jurisdiction will normally only exist if the evidence shows that the defendant engaged in "continuing and systematic activities within [Texas] rising to the level of 'substantial' contacts [which] create a general business presence within [Texas]."[14]

---

[11] *Id.*, at 227, 228.
[12] *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990).
[13] *See Helicopteros Nacionales de Colombia v. Hall*, 446 U.S. 408, 416 (1984); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985); *Guardian Royal Exch. V. English China Clays, P.L.C.*, 815 S.W.2d 223, 228 (Tex. 1991).
[14] *Michel v. Rocket Eng'g Corp.*, 45 S.W.3d 658, 672 (Tex. App.–Fort Worth 2001, no pet.).

17.      Courts have repeatedly emphasized that a high level of contact with the forum state is required for general jurisdiction.[15] Plaintiff's venue allegations on their face are insufficient to show such contacts.

18.      PNK does not file or pay taxes in Texas; does not own or lease property in Texas; does not maintain a bank account in Texas; did not enter into a contract with the Plaintiff performable in Texas and does not regularly transact business in the State of Texas.[16] Furthermore, the acts alleged in the Petition all occurred in the State of Louisiana, not in Texas and the Plaintiff admits this. (*See* Petition at ¶11). Here, there are no continuous and systematic contacts alleged or shown between PNK and Texas, and without this type of contact, there can be no general jurisdiction.  Advertising and solicitations are not enough to confer personal jurisdiction.[17]

19.      As noted earlier, neither PINNACLE nor CASINO exist in the capacity in which they have been sued by the Plaintiff, and CASINO is not a legal entity at all. The correct legal entity is PNK.[18]

20.      PNK does not transact business in the State of Texas nor has PNK purposefully committed any acts or omissions in the State of Texas and has no regular, systematic or continuous contacts with Texas to warrant the exercise of personal

---

[15] *See Dalton v. R & W. Marine,* 897 F.2d 1359, 1362 (5th Cir. 1990).
[16] *See* J.D. *Fields & Co. v. IV.II. Streit, Inc.*, 21 S.W.3d 599, 602 (Tex. App. - Houston [1st Dist.] 2000, no pet. h.); Ex. B.
[17] *Frank,* 947 F.3d at 339.
[18] *See* Ex. B.

jurisdiction.[19] Essentially, PNK has *no* contact with the State of Texas and therefore this Court cannot exercise general jurisdiction over it in this lawsuit.[20]

### b) *Exercise of Personal Jurisdiction Over this Defendant Would Offend Traditional Notions of Fair Play and Substantial Justice.*

21.     Because PNK does not have regular, systematic or continuous contact with Texas necessary to warrant the exercise of personal jurisdiction, this Court need not consider the second part of the due process test – whether the exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice. Nonetheless, should the Court determine that PNK has purposefully availed itself of the benefits and protections of the State of Texas through minimum contacts with the State, the Court should further find that it has no personal jurisdiction over PNK because the exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice.

22.     In addition to requiring minimum contacts with the forum state, due process requires that the exercise of personal jurisdiction over a non-resident defendant comply with "traditional notions of fair play and substantial justice."[21] The relationship between the defendant and the forum state must be such that it is reasonable to require the corporation to defend the particular suit.[22] In evaluating the reasonableness of exercising jurisdiction, courts look to the following factors: (1) the burden on the defendant; (2) the interests of the forum state; (3) the plaintiff's interests in obtaining her

---

[19] *See* supra FN 17.
[20] *See* Ex. B.
[21] *Int' Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *supra* FN 17.
[22] *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980).

relief; (4) the judicial system's interests in obtaining the most efficient resolution of controversies; and (5) the shared interests of the several states in furthering fundamental substantive social policies.[23]

23.     In the present case, it would not be reasonable for PNK, having no connection with the State of Texas, to defend a lawsuit in this State.  In fact, this very issue was already determined by the Fifth Circuit earlier this year.[24] PNK contends that it would be a heavy burden should this case continue in Texas. PNK's personnel would be forced to travel from Louisiana to Harris County, Texas, for any hearings, depositions, and the trial. Furthermore, the Plaintiff has failed to allege any jurisdictional facts supporting a basis for jurisdiction in the State of Texas.

## V.
### CONCLUSION

13.   Defendant PNK (LAKE CHARLES), L.L.C., incorrectly named herein as PINNACLE ENTERTAINMENT, INC., and L'AUBERGE DU LAC HOTEL & CASINO respectfully contends that this Court does not have personal jurisdiction over it. Furthermore, PNK (LAKE CHARLES), L.L.C., incorrectly named herein as PINNACLE ENTERTAINMENT, INC, and L'AUBERGE DU LAC HOTEL & CASINO is not amenable to process issued by the courts of Texas as it has been shown herein that:

    a.  PNK (LAKE CHARLES), L.L.C., is not a citizen of the State of Texas;

    b.  PNK (LAKE CHARLES), L.L.C., does not transact business in the State of Texas;

---

[23] *Asahi Metal Indus. V. Super. Ct. of Cal.*, 480 U.S. 102, 113 (1987).
[24] *Supra* FN 17.

NELSON DEFENDANT PNK (LAKE CHARLES), L.L.C. ("PNK") (INCORRECTLY NAMED HEREIN AS PINNACLE ENTERTAINMENT, INC., AND L'AUBERGE DU LAC HOTEL & CASINO)'S SPECIAL APPEARANCE AND OBJECTION TO PERSONAL JURISDICTION

**10 |** P A G E

    c.  PNK (LAKE CHARLES), L.L.C., does not maintain a place of business in the State of Texas;

    d.  PNK (LAKE CHARLES), L.L.C., has no employees working in the state of Texas;

    e.  PNK (LAKE CHARLES), L.L.C.,  does not have minimum contact with the State of Texas;

    f.  PNK (LAKE CHARLES), L.L.C., has had no continuous or systematic contacts with the State of Texas; and

    g.  PNK (LAKE CHARLES), L.L.C., has not purposely availed itself of the privileges and benefits of conducting business in the State of Texas.

14.    The exercise of jurisdiction by the Court over PNK (LAKE CHARLES), L.L.C., incorrectly named herein as PINNACLE ENTERTAINMENT, INC., and L'AUBERGE DU LAC HOTEL & CASINO would offend traditional notions of fair play and substantial justice, thereby depriving this Defendant of due process as guaranteed by the Constitution of the United States. Defendant, PNK (LAKE CHARLES), L.L.C., incorrectly named herein as PINNACLE ENTERTAINMENT, INC., and L'AUBERGE DU LAC HOTEL & CASINO therefore respectfully requests that this Special Appearance be in all things sustained and the proceedings against Defendant, PNK (LAKE CHARLES), L.L.C., incorrectly named herein as PINNACLE ENTERTAINMENT, INC., and L'AUBERGE DU LAC HOTEL & CASINO, be dismissed for lack of jurisdiction.

Respectfully submitted,

**MAYER LLP**
4400 Post Oak Boulevard, Suite 2850
Houston, Texas 77027
713.487.2000 / Fax: 713.487.2019

By:  s/Kevin P. Riley
    Kevin P. Riley
    State Bar No. 16929100
    kriley@mayerllp.com
    Andrew J. Mihalick
    State Bar No. 24046439
    amihalick@mayerllp.com

    -and-

    Zach T. Mayer
    State Bar No. 24013118
    zmayer@mayerllp.com
    Robin R. Gant
    State Bar No. 24069754
    rgant@mayerllp.com
    750 North Saint Paul Street, Suite 3700
    Dallas, Texas 75201
    214.379.6900 / Fax 214.379.6939

    ATTORNEYS FOR DEFENDANT
    PNK (LAKE CHARLES), L.L.C.,
    (incorrectly named herein as PINNACLE
    ENTERTAINMENT, INC., AND L'AUBERGE
    DU LAC HOTEL & CASINO)

<u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 20th day of April 2020, a true and correct copy of the

foregoing has been forwarded to all counsel of record as follows:

|  |  |
|---|---|
| DENNIS L. BROWN | ☐ E-MAIL |
| JUSTIN C. ADKINS | ☐ HAND DELIVERY |
| DENNIS L. BROWN ,PC | ☐ FACSIMILE |
| 6750 WEST LOOP SOUTH, SUITE 900 | ☐ OVERNIGHT MAIL |
| BELLAIRE, TEXAS 77401 | ☐ REGULAR, FIRST CLASS MAIL |
| LAWOFFICE@DENNISBROWN.COM | ☒ E-SERVE AND FILE |
|  | ☐ E-SERVICE (E-FILE) |
|  | ☐ CERTIFIED MAIL/RETURN RECEIPT REQUESTED |

s/ *Andrew J. Mihalick*
Andrew J. Mihalick

---

# EXHIBIT A

Filed 3/23/2020 9:27 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 41844442
By: Shailja Dixit
3/23/2020 9:49 AM

**20-CV-0452**

CAUSE NO._____

| | | |
|---|---|---|
| **BILLY NELSON** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **PENN NATIONAL GAMING, INC.;** | § | |
| **L'AUBERGE DU LAC HOTEL &** | § | **GALVESTON COUNTY, TEXAS** |
| **CASINO; PINNACLE** | § | |
| **ENTERTAINMENT, INC.; PNK LAKE** | § | |
| **CHARLES, LLC D/B/A L'AUBERGE** | § | **Galveston County - 405th District Court** |
| **CASINO; and JOHN DOE** | § | |
| **Defendants** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **BILLY NELSON**, ("Plaintiff") complaining against Defendants **PENN NATIONAL GAMING, INC.** ("Penn National"), **L'AUBERGE DU LAC HOTEL & CASINO** ("L'Auberge"), **PINNACLE ENTERTAINMENT, INC**. ("Pinnacle"), **PNK LAKE CHARLES, LLC D/B/A L'AUBERGE DU LAC HOTEL & CASINO** ("PNK"), and **JOHN DOE** for cause of action and would respectfully show to this Honorable Court and Jury the following:

## I. DISCOVERY CONTROL PLAN

1.      Plaintiffs intend to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively plead that they seek monetary relief of more than $200,000.00 but not more than $1,000,000.00, including damages, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

## II. JURISDICTION

2.      This court has jurisdiction over the present suit because the amount in controversy exceeds this court's minimum jurisdictional requirements. Furthermore, although Defendants are

1

physically located in Louisiana, they have a regular and continuous presence in the State of Texas, engaging in steady and purposeful business in this state and at times relevant hereto by soliciting regular Texas customers to attend events at their casino. The Plaintiff is a resident of Galveston, Galveston County, Texas, and received invitations at his place of residence from Defendants to attend events and to stay at the L'Auberge Casino in Lake Charles, Louisiana.

3.      Venue is proper under Texas Civil Practice and Remedies Code § 15.002 in that all or a substantial part of the events or omissions giving rise to Plaintiffs' causes of action occurred in Galveston County, Texas.

## III. DEMAND FOR JURY TRIAL

4.      The Plaintiff makes a written request for a jury pursuant to Texas Rule of Civil Procedure 216.

## IV. PARTIES

5.      Plaintiff Billy Nelson is an individual residing at 4202 Avenue T, Galveston, Galveston County, Texas, and was a resident of Galveston County, Texas at the time this cause of action accrued.

6.      Defendant Penn National Gaming, Inc. is a company with offices in various states, including Texas. According to public information, its corporate headquarters are located at 825 Berkshire Blvd., Suite 200, Wyomissing, Pennsylvania 19610. Penn National engages in business and commerce in the state of Texas but it has not designated an agent for service of process. Accordingly, among the various modes of service of process include service on the Texas Secretary of State, which in turn is requested to forward service to CT Corporation, 600 North 2nd Street, Suite 401, Harrisburg, Pennsylvania 17101.

2

7.      L'Auberge Du Lac Hotel & Casino is a party which may be sued in its tradename as held out to the public and, although physically located in Louisiana, has a regular and continuous presence in the State of Texas, engaging in purposeful business in this state and at times relevant hereto, upon information and belief 1900 West Loop South, Suite 150, Houston, Harris County, Texas.

8.      Defendant Pinnacle Entertainment, Inc. is a Delaware Corporation authorized to and doing business in the State of Texas. Pinnacle may be served through its registered agent CT Corporation System at its registered address of 1999 Bryan St, Suite 900, Dallas, Collin County, Texas 75201.

9.      Defendant PNK Lake Charles, LLC D/B/A L'Auberge du Lac Hotel & Casino is a foreign corporation doing business in the State of Texas. PNK may be served through its registered agent, CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, Louisana 70816.

10.     Defendant John Doe is an unknown individual employed by named Defendants as a valet driver at the L'Auberge Casino in Lake Charles, Louisiana on July 26, 2018.

## V. FACTUAL BACKGROUND

11.     On or about July 26, 2018, at the L'Auberge Casino Resort in Lake Charles, Calcasieu Parish, Louisiana, Plaintiff Billy Nelson was standing outside of his parked black 2017 Toyota Tundra, which was located in the valet lane as directed by the head valet for the casino.

12.     As Plaintiff was leaning into the passenger side of his truck to unload luggage from the vehicle, Defendant John Doe, a valet driver employed by the casino, negligently, carelessly, and unexpectedly drove through the drop-off lane and struck the passenger door of the Plaintiff's vehicle, which then struck the Plaintiff causing injury to his back, both shoulders, and the left side of his body.

13.     As a direct result of Defendants' negligence, the Plaintiff has been caused to suffer bodily injuries, physical impairment, pain and suffering, mental anguish, medical expenses, lost wages, and damage to his vehicle.

## VI.  NEGLIGENCE AND GROSS NEGLIGENCE OF DEFENDANTS PENN NATIONAL, L'AUBERGE, PINNACLE, AND PNK

14.     At all times relevant to the occurrence in question, Defendants Penn National, L'Auberge, Pinnacle, and PNK had a duty to exercise reasonable care in the supervision, hiring, training and employment of valet driver Defendant John Doe at the L'Auberge Casino. Defendants recklessly failed to exercise reasonable care in hiring, training, supervising and retaining valet driver Defendant John Doe by failing to ensure he had the necessary training, understanding, and skill one would expect from someone hired as a valet driver. Defendants' reckless conduct was a breach of duty and a proximate cause of the injuries sustained by Plaintiff.

15.     Plaintiff would not have been injured had Defendants' adequately trained and supervised valet driver Defendant John Doe. Defendants' had notice that valet driver Defendant John Doe who struck the Plaintiff's truck lacked knowledge of the standards and requirements for his work and that he posed a risk or danger to others, yet failed to limit these risks. Liability is imputed to Defendants under the doctrine of *res ipsa loquitor* because the incident could not have happened in the absence of Defendants' negligence and gross negligence.

16.     Defendants' acted with reckless disregard for the safety of the public, most notably the Plaintiff, by not properly hiring, training, and supervising valet driver Defendant John Doe.

4

## VII.  NEGLIGENCE OF DEFENDANT JOHN DOE

17.     On the occasion in question, Defendant John Doe operated a vehicle on behalf of co-defendants in a negligent manner and violated the duty he owed to Plaintiff to exercise ordinary reasonable and prudent care in the operation of a motor vehicle. Such acts include, but are not limited to, the following:

i.      Operating the vehicle in a careless and reckless manner, so as to endanger the health and property of Plaintiff;

ii.     Failing to keep such a lookout as a person of ordinary, reasonable prudence would have kept under the same or similar circumstances;

iii.    Failing to make a timely use of the steering wheel of the vehicle in order to avoid the collision;

iv.     Failing to control the speed of the vehicle he was driving;

v.      Failing to take reasonable action to avoid the collision;

vi.     Driving more closely to Plaintiffs than an ordinary and prudent person would have done under the same or similar circumstances; and

viii.   Colliding with the Plaintiffs' vehicle.

18.     Each one of these acts and omissions occurring separately or in combination constituted negligence and proximately caused Plaintiff's bodily injuries, physical impairment, pain and suffering, mental anguish, lost wages, and vehicle damage.

## VIII.  NEGLIGENCE PER SE OF DEFENDANT JOHN DOE

19.     Plaintiff will further show that Defendant was negligent *per se* in violating the laws of the State of Louisiana, in particular, LA Rev Stat § 32:58 and § 14:99, by driving recklessly and failing to control his vehicle.

20.     Defendant John Doe's unexcused breach of duty imposed by the above-referenced statutes proximately caused Plaintiff's bodily injuries, physical impairment, pain and suffering, mental anguish, lost wages, and vehicular damage.

## IX. RESPONDEAT SUPERIOR

21.     Defendants are responsible for the actions of Defendant John Doe under the doctrine of respondeat superior. Plaintiff Billy Nelson was directly injured after his truck was slammed into by an employee for Defendants who was acting in the scope of his employment when he committed the acts described above.

## X. COMPENSATORY DAMAGES

22.     Due to his injuries, the Plaintiffs has required medical care, including physical therapy, multiple imaging studies, and injections. Plaintiff has been required to pay for and incur liability for such care.  He will require medical treatment in the future, for which he will be required to pay and/or incur liability.

23.     Due to his injuries incurred as a result of the collision, the Plaintiff now has certain physical impairments, disabilities and restrictions that prevent him from engaging in activities that he was able to enjoy prior to the accident. Plaintiff hereby sues for the loss of such pleasures and the permanent physical impairment caused by the negligence of the Defendants.

24.     Plaintiff has incurred damages for physical pain, suffering, and resulting mental anguish and will suffer such ongoing pain, discomfort and mental anguish in the future.

25.     Plaintiffs also suffered lost wages in the past while undergoing medical treatment and rehabilitation, and will, in all probability, continue to suffer a loss of wages and/or loss of wage earning capacity in the future.

## XI.  RECOVERY OF INTEREST

27.     Plaintiffs seek and requests recovery of pre and post-judgment interest to the extent applicable as provided by law.

## XII. RULE 193.7 NOTICE

28.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff gives actual notice to Defendants that any and all documents produced by Defendants in response to written discovery may be used against Defendants at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the documents.

## XIII.  PRAYER

29.     **WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendants be cited to appear and answer this lawsuit, and that he has judgment against the Defendants for actual damages shown and proven at a trial, exemplary damages, interest to which he is entitled under the law, court costs and for all other relief, legal and equitable, to which he is entitled.

Respectfully submitted,

**DENNIS L. BROWN, P.C.**

*/s/ Dennis L. Brown*
**DENNIS L. BROWN**
State Bar No. 03112650
**JUSTIN C. ADKINS**
State Bar No. 24101070
6750 West Loop South, Suite 900
Bellaire, Texas 77401
(713) 623-8999 Telephone
(713) 623-0756 Facsimile
Lawoffice@dennislbrown.com

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT B

## Affidavit of Jerry Forester in Support of
## Defendant PNK (Lake Charles), L.L.C.
(incorrectly named in this lawsuit as Pinnacle Entertainment, Inc., and
L'Auberge Du Lac Hotel & Casino)
## Special Appearance and Objection to Jurisdiction

**STATE OF LOUISIANA**   )
                          )
**PARISH OF CALCASIEU**  )

        **BEFORE ME** the undersigned Notary Public personally came and appeared:

### Jerry Forester

who, being duly sworn, deposed and said that he has personal knowledge of the following:

1.      My name is JERRY FORESTER, I am over the age of twenty-one, have never been convicted of a felony or crime of moral turpitude, and am fully competent to make this Affidavit.

2.      I have personal knowledge of the facts contained in this Affidavit, which I acquired as set forth herein, and those facts are true and correct.

3.      I am a resident of the State of Louisiana and the Risk and Safety Manager of L'Auberge Casino Resort in Lake Charles, Louisiana.

4.      As the Risk and Safety Manager at L'Auberge Casino Resort in Lake Charles, Louisiana, I have personal knowledge regarding the investigation of the subject incident made the subject of Plaintiff's lawsuit in the above-styled case.   I am also familiar with the status, operations and business activities of PNK (Lake Charles), LLC ("PNK"), the proper legal entity. I have also read the Plaintiff's Original Petition in this matter.

5.      PNK is in the business of providing gaming, lodging, dining, and entertainment services to patrons at its principal place of business in Lake Charles, Louisiana.

6.      PNK's casino property is located in Lake Charles, Louisiana.

7.      PNK is a limited liability company with a domicile address of 777 L'Auberge, Lake Charles, Louisiana.

8.      L'Auberge Du Lac Hotel & Casino ("L'Auberge"), the improper entity named in this lawsuit, is not an independent legal entity or the assumed name of Defendant Pinnacle Entertainment, Inc., who is also an improperly named Defendant in this lawsuit.

9.      L'Auberge does not conduct business in the State of Texas.

10.     L'Auberge has no bank accounts in Texas.

11.     L'Auberge has never filed a lawsuit in Texas.

12.     L'Auberge's address is not 1900 South Loop West, Suite 150, Houston, Texas 77027 and it cannot be served with process at that address.

13.     Pinnacle Entertainment, Inc. ("Pinnacle"), does not do business under the assumed name of L'Auberge Du Lac Hotel & Casino.

14.     Pinnacle is not a resident of the State of Texas.

15.     Pinnacle does not transact business in the State of Texas.

16.     Pinnacle is not a Texas corporation nor does it operate under a certificate of authority in the State of Texas.

17.     Pinnacle has not designated a registered agent for service of process in the State of Texas.

18.     Pinnacle's principal office and place of business is located at 3800 Howard
        Hughes Parkway, in Las Vegas, Nevada.


                                                             803891

                                **JERRY FORESTER**


Sworn to and subscribed before me, this ___19___ day of March 2020.


                        **NOTARY PUBLIC**

                        Julie Rounds
                        Printed Notary's Name and # 161520

                        Commission Expires: at death


                        OFFICIAL SEAL
                        JULIE ROUNDS
                        NOTARY ID # 161520
                        STATE OF LOUISIANA
                        PARISH OF CALCASIEU
                        My Commission is for Life

EXHIBIT C

| | | |
|---|---|---|
| Form 608<br>(Revised 01/10)<br>Submit in duplicate to:<br>Secretary of State<br>P.O. Box 13697<br>Austin, TX 78711-3697<br>512 463-5555<br>FAX: 512 463-5709<br>Filing Fee:  See instructions | *(seal of the State of Texas)*<br><br>**Certificate of Withdrawal<br>of Registration** | This space reserved for office use.<br>**FILED<br>In the Office of the<br>Secretary of State of Texas**<br>**JUL 27 2010**<br>**Corporations Section** |

## Entity Information

1. The name of the foreign filing entity as registered in this state is:

PNK (Lake Charles), L.L.C.

2. The entity is organized as a:    limited liability company

3. The entity is organized under the laws of:    Louisiana

4. The date of registration of the foreign filing entity is:    October 11, 2004

5. The file number issued to the entity by the secretary of state is:    0800400260

6. The address of the principal office of the foreign filing entity is:

| 8918 Spanish Ridge Avenue | Las Vegas | NV | USA | 89148 |
|---|---|---|---|---|
| *Street Address* | *City* | *State* | *Country* | *Zip Code* |

## Service of Process

7. The foreign filing entity no longer is transacting business or conducting affairs in this state and is surrendering its authority to transact business in Texas. The foreign filing entity:

- revokes the authority of the entity's registered agent in this state to accept service of process; and

- consents that service of process in any action, suit, or proceeding stating a cause of action arising in this state during the time the foreign filing entity was authorized to transact business in this state may be made on the foreign filing entity by serving the secretary of state.

The address to which the secretary of state may mail a copy of any process against the foreign filing entity is:

| 8918 Spanish Ridge Avenue | Las Vegas | NV | USA | 89148 |
|---|---|---|---|---|
| *Mailing Address* | *City* | *State* | *Country* | *Zip Code* |

## Money Due to the State

8. Any money due or accrued to the state has been paid or adequate provision has been made for the payment of that money.

## Effectiveness of Filing
### (Select either A, B, or C.)

A. ☑ This document becomes effective when the document is filed by the secretary of state.

B. ☐ This document becomes effective at a later date, which is not more than ninety (90) days from the date of signing. The delayed effective date is: _____

Form 608                                                    4

**RECEIVED**

JUL 27 2010

Secretary of State **Exhibit "C"**

C. ☐ This document takes effect upon the occurrence of the future event or fact, other than the passage of time.  The 90th day after the date of signing is: _____

The following event or fact will cause the document to take effect in the manner described below:

_____

## Tax Certificate
*(Required, unless the entity is a foreign nonprofit corporation.)*

☑ Attached hereto is a certificate from the comptroller of public accounts that all taxes under Title 2, Tax Code have been paid.

☐ The entity is a foreign nonprofit corporation and is not required to provide a tax certificate.

## Execution

The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and certifies under penalty of perjury that the undersigned is authorized under the provisions of law governing the entity to execute the filing instrument.

Date:  _7-23-10_

PNK (Lake Charles), L.L.C.

By:  Pinnacle Entertainment, Inc., its Sole Member

By:  _____
Signature of authorized person

John A. Godfrey
Executive Vice President,
Secretary and General Counsel

Printed or typed name of authorized person (see instructions)

TEXAS COMPTROLLER *of* PUBLIC ACCOUNTS

P.O. Box 13528 • Austin, TX 78711-3528



July 26, 2010

PNK (LAKE CHARLES), L.L.C.
3800 HOWARD HUGHES PKWY STE 1800
LAS VEGAS, NV 89169-5921

## CERTIFICATE OF ACCOUNT STATUS

THE STATE OF TEXAS
COUNTY OF TRAVIS

I, Susan Combs, Comptroller of Public Accounts of the State of Texas, DO HEREBY
CERTIFY that according to the records of this office

PNK (LAKE CHARLES), L.L.C.

has filed all required reports for taxes administered by the Comptroller
under Title 2, Tax Code, and taxes reported due on those reports have been
paid. This certificate must be filed with the Texas Secretary of State to
legally end the entity's existence in Texas. This certificate is valid
through May 16, 2011.

GIVEN UNDER MY HAND AND
SEAL OF OFFICE in the City of
Austin, this 26th day of
July, 2010 A.D.

*Susan Combs*

Susan Combs
Texas Comptroller

Taxpayer number: 10206144528
File number: 0800400260

NOTE: Failure by registered Texas entities to legally end existence with the Texas Secretary of State on or before the expiration of this
certificate will result in additional franchise tax responsibilities. Texas entities not registered with the Texas Secretary of State and
all out-of-state entities are responsible for franchise tax through the last date of business in this state.

Form 05-305 (Rev.12-07/18)



# Franchise Tax Account Status

As of : 08/19/2016 14:31:13 PM

**This Page is Not Sufficient for Filings with the Secretary of State**

**PINNACLE ENTERTAINMENT, INC.**

| | |
|---|---|
| **Texas Taxpayer Number** | 19536674914 |
| **Mailing Address** | 3930 HOWARD HUGHES PKWY LAS VEGAS, NV 89169-0943 |
| **Right to Transact Business in Texas** | FRANCHISE TAX ENDED |
| **State of Formation** | DE |
| **Effective SOS Registration Date** | 01/19/2007 |
| **Texas SOS File Number** | 0800760570 |
| **Registered Agent Name** | C T CORPORATION SYSTEM |
| **Registered Office Street Address** | 1999 BRYAN ST., STE. 900 DALLAS, TX 75201 |

# Exhibit "E"

# EXHIBIT D

# TEXAS SECRETARY of STATE
## CARLOS H. CASCOS

UCC | **Business Organizations** | **Trademarks** | **Notary** | **Account** | **Help/Fees** | **Briefcase** | Logout

### BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY

| | | | |
|---|---|---|---|
| Filing Number: | 800400260 | Entity Type: | Foreign Limited Liability Company (LLC) |
| Original Date of Filing: | October 11, 2004 | Entity Status: | Withdrawn |
| Formation Date: | N/A | | |
| Tax ID: | 10206144528 | FEIN: | 029614452 |

| | |
|---|---|
| Name: | PNK (LAKE CHARLES), L.L.C. |
| Address: | 3800 HOWARD HUGHES PKWY STE 1800 |
| | LAS VEGAS, NV 891695921 USA |
| Fictitious Name: | N/A |
| Jurisdiction: | LA, USA |
| Foreign Formation Date: | November 10, 1999 |

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSOCIATED ASSUMED NAMES | ENTITIES |
|---|---|---|---|---|---|
| **Name** | | | **Address** | | **Inactive Date** |
| Serve Secretary of State for mailing to | | | 8918 Spanish Ridge Avenue Las Vegas, NV 89148 USA | | |

[ Order ]   [ Return to Search ]

Instructions:
- To place an order for additional information about a filing press the 'Order' button.

## Exhibit "D"

9/2/2016

# EXHIBIT E

## TEXAS SECRETARY of STATE
**RUTH R. HUGHS**

### BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY

| | | | |
|---|---|---|---|
| **Filing Number:** | 800400260 | **Entity Type:** | Foreign Limited Liability Company (LLC) |
| **Original Date of Filing:** | October 11, 2004 | **Entity Status:** | Withdrawn |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 10206144528 | **FEIN:** | 029614452 |

| | |
|---|---|
| **Name:** | PNK (LAKE CHARLES), L.L.C. |
| **Address:** | 3800 HOWARD HUGHES PKWY STE 1800 |
| | LAS VEGAS, NV 891695921 USA |
| **Fictitious Name:** | N/A |
| **Jurisdiction:** | LA, USA |
| **Foreign Formation Date:** | November 10, 1999 |

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES |
|---|---|---|---|---|---|

| Name | Address | Inactive Date |
|---|---|---|
| Serve Secretary of State for mailing to | 8918 Spanish Ridge Avenue<br>Las Vegas, NV 89148 USA | |

[ Order ]   [ Return to Search ]

---

Instructions:
- 🔴 To place an order for additional information about a filing press the 'Order' button.

**Exhibit "D"**

# EXHIBIT 3

*(State Court Docket Sheet)*

## Case Information

20-CV-0452 | Billy Nelson vs. Penn National Gaming, Inc., Et Al

Case Number
20-CV-0452

Court
405th District Court

Judicial Officer
Robinson, Jared

File Date
03/23/2020

Case Type
Injury/Damage - Other

Case Status
Active

## Party

Plaintiff
Nelson, Billy

Address
4202 Avenue T
Galveston TX 77550

Active Attorneys ▾
Lead Attorney
Brown, Dennis L.
Retained

Defendant
Penn National Gaming, Inc.

Address
Registered Agent, CT Corporation
600 North 2nd St., Suite 401
Harrisburg PA 17101

Defendant
L'Auberge Du Lac Hotel and Casino

Address
1900 West Loop South, Suite 150
Houston TX 77027

Active Attorneys ▾
Lead Attorney
Riley, Kevin P.
Retained

Defendant
Pinnacle Entertainment, Inc.

Address

Registered Agent, CT Corporation System
1999 Bryan St., Suite 900
Dallas TX 75201

---

Defendant

PNK Lake Charles, LLC d/b/a L'Auberge Du Lac
Hotel and Casino

Address
Registered Agent, CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge LA 70816

Active Attorneys ▾

Lead Attorney
Riley, Kevin P.
Retained

---

Defendant

Doe - Valet driver at L'Auberge Casino, John

Address
Valet driver at L'Auberge Casino
1900 West Loop South, Suite 150
Houston TX 77027

---

## Events and Hearings

03/23/2020 Original Petition - OCA ▾

Plaintiff's Original Petition and JURY DEMAND.

Comment
Plaintiff's Original Petition and JURY DEMAND.

---

03/23/2020 Request for Civil Service ▾

Plaintiff's Requests for Service

Comment
Requests for Service, 5 Citations; Assigned to R.G.

---

03/23/2020 Status Conference Sheet ▾

Status Conference Sheet

Comment
Emailed to Atty.

03/23/2020 Receipt Acknowledge ▾

Receipt Acknowledge

Comment
Emailed Status Conf. Sheet to Atty.

03/23/2020 Citation Issuance - Work Product ▾

Citation Issuance - Work Product

Comment
e-mailed to attorney

03/23/2020 Receipt Acknowledge ▾

Receipt Acknowledge

Comment
of citation service packets - vym

04/20/2020 Special Appearance ▾

Defts' Special Appearance and Objection to Personal Jurisdiction.pdf

Comment
Defts' Special Appearance and Objection to Personal Jurisdiction

04/20/2020 Request for Hearing ▾

Request for Oral Hearing-Defts' Special Appearance and Objection to
Personal Jurisdiction.pdf

Comment
Request for Oral Hearing -Defts' Special Appearance and Objection
to Personal Jurisdiction

## Financial

Nelson, Billy

| | |
|---|---|
| Total Financial Assessment | $370.00 |
| Total Payments and Credits | $370.00 |

| 3/23/2020 | Transaction Assessment | | | $370.00 |
| 3/23/2020 | Payment | Receipt # 2020-04929-DC | Nelson, Billy | ($370.00) |

## Documents

Plaintiff's Original Petition and JURY DEMAND.

Plaintiff's Requests for Service

Status Conference Sheet

Receipt Acknowledge

Receipt Acknowledge

Citation Issuance - Work Product

Defts' Special Appearance and Objection to Personal Jurisdiction.pdf

Request for Oral Hearing-Defts' Special Appearance and Objection to Personal Jurisdiction.pdf

# EXHIBIT 4

*(List of All Counsel of Record)*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **BILLY NELSON,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **PENN NATIONAL GAMING, INC.,** | § | **JURY TRIAL DEMANDED** |
| **L'AUBERGE DU LAC HOTEL &** | § | |
| **CASINO; PINNACLE** | § | |
| **ENTERTAINMENT, INC.; PNK LAKE** | § | |
| **CHARLES LLC D/B/A L'AUBERGE** | § | |
| **CASINO and JOHN DOE** | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

---

**DEFENDANT PNK (LAKE CHARLES) LLC'S**
**LIST OF ALL COUNSEL OF RECORD**

---

Defendant, PNK (Lake Charles) LLC ("PNK"), files this List of Counsel pursuant

to Local Rule 81 of the Southern District of Texas as follows:

A list of all counsel of record, including addresses, telephone numbers and parties

represented.

*Counsel for Plaintiff Billy Nelson*
c/o Dennis L. Brown and
Justin C. Adkins
DENNIS L. BROWN, PC
6750 West Loop South, Suite 900
Bellaire, Texas 77401
713.623.8999
E-Mail: Lawoffice@dennislbrown.com

*Counsel for Defendant PNK (Lake Charles) LLC*
c/o Kevin P. Riley, Attorney-in-Charge
Andrew J. Mihalick
MAYER LLP
4400 Post Oak Parkway, Suite 2850
Houston, Texas 77027
713.487.2000/ FAX 713.487.2019
Email: kriley@mayerllp.com
amihalick@mayerllp.com